# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00878-CV

---

**Carolyn Barnes, Appellant**

**v.**

**Texas Attorney General, et al., Appellees**

---

### FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-15-000877, THE HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Appellant Carolyn Barnes, proceeding pro se, filed a notice of appeal in the trial court on November 27, 2019. Barnes is on the State of Texas's list of vexatious litigants and is subject to a prefiling order filed in Travis County.[1] *See* Tex. Civ. Prac. & Rem. Code § 11.101(a) (generally authorizing court to enter order prohibiting person from filing new litigation pro se without permission from local administrative judge when court finds that person is "vexatious litigant" after notice and hearing). We will dismiss the appeal because Barnes has

---

[1] Chapter 11 of the Texas Civil Practice and Remedies Code requires that the Office of Court Administration (OCA) "post on the agency's Internet website a list of vexatious litigants subject to prefiling orders." *See* Tex. Civ. Prac. & Rem. Code § 11.104(b). The OCA list reflects that on November 4, 2015, the 353rd District Court of Travis County signed an order declaring Barnes a vexatious litigant and prohibiting Barnes from filing, pro se, new litigation in a court to which the order applies without seeking and obtaining the permission of the local administrative judge of the type of court in which she intends to file. *See* https://www.txcourts.gov/media/1183404/Carolyn-Barnes-Cause-No-D-1-GN-15-002626.pdf (last visited Feb. 26, 2020).

not complied with Texas Civil Practice and Remedies Code Chapter 11, which governs vexatious litigants.  *See id.* §§ 11.001-.104.

Chapter 11 provides that a clerk of a court may not file a "litigation, original proceeding, appeal, or other claim presented, pro se, by a vexatious litigant subject to a prefiling order under Section 11.101 unless the litigant obtains an order from the appropriate local administrative judge described by Section 11.102(a) permitting the filing."  *Id.* § 11.103 (duties of clerk); *see Douglas v. Government Emp. Ins.*, No. 01-12-00129-CV, 2013 WL 1490497, at *1-2 (Tex. App.—Houston [1st Dist.] Apr. 11, 2013, no pet.) (mem. op.) (per curiam) (describing Chapter 11 prefiling requirements for vexatious litigants).

Consequently, by order dated January 10, 2020, we stayed the litigation and notified Barnes that she was required to obtain the permission of the local administrative judge to file this appeal, provided her with the address of the local administrative judge, and ordered her within thirty days of the date of the order to demonstrate to this Court that she had obtained permission from the local administrative judge to file this appeal.  *See Douglas*, 2013 WL 1490497, at *2 (dismissing appeal because vexatious litigant failed to comply with appellate court's request that he file proof that he had obtained permission from local administrative judge); *see also* Tex. Civ. Prac. & Rem. Code § 11.1035 (on receiving notice from clerk that litigation was mistakenly filed by vexatious litigant, court shall immediately stay litigation and dismiss litigation unless plaintiff obtains permission under Section 11.102(a)).  We notified Barnes that, if she failed to comply with the order, we would dismiss her appeal for want of jurisdiction.

To date, Barnes has failed to demonstrate that she has obtained the local administrative judge's permission to file this appeal.  Accordingly, we dismiss this appeal.

_____

Edward Smith, Justice

Before Justices Goodwin, Kelly, and Smith

Dismissed for Want of Jurisdiction

Filed:   February 28, 2020